UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMY BRUNDIDGE, # 30450-160

    Petitioner,                         Civil No. 2:07-CV-13922
                                           HONORABLE GEORGE CARAM STEEH
v.                                     UNITED STATES DISTRICT JUDGE

C. EICHENLAUB,

    Respondent,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Jimmy Brundidge, ("petitioner"), a federal prisoner currently confined at the Federal Prison Camp in Montgomery, Alabama, [1] has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he challenges the policies of the Federal Bureau of Prisons ("BOP") concerning eligibility for placement in a Community Corrections Center ("CCC"), also known as an RRC or halfway house. For the reasons stated, the court dismisses the petition for a writ of habeas corpus.

### I. Background

Petitioner was sentenced on September 6, 2006 by a judge in the United

---

[1] When petitioner filed his habeas application, he was incarcerated at the Federal Correctional Institution in Milan, Michigan. According to the BOP's Inmate Locator-which may be accessed through its official website (www. bop. gov), and of which this Court may take judicial notice, *See Marshek v. Eichenlaub,* 266 Fed.Appx. 392 (6th Cir. 2008), petitioner has since been transferred to the Federal Prison Camp in Montgomery, Alabama.

1

States District Court for the Northern District of Ohio to a 97 month term of imprisonment and five years' supervised release for conspiracy to distribute and possession with intent to distribute cocaine. Petitioner has a projected release date of January 20, 2013.

In his habeas application, Petitioner challenges the validity of BOP regulations 28 C.F.R. §§ 570.20 and 570.21 which limit the BOP's discretionary authority to place offenders in CCCs to the final 10% or six months of their sentences, whichever is less. Petitioner claims that the BOP's "categorical discretion" to prohibit the placement of prisoners in a CCC except during the final six months of their imprisonment conflicts with 18 U.S.C. § 3621(b), which requires the BOP to decide a prisoner's placement on a case by case basis. Petitioner admits that he has not exhausted his administrative remedies regarding the claim contained in his petition. Petitioner contends that exhaustion would be futile because the BOP has demonstrated a "determined adherence" to its policy.

## II.  Discussion

Article III limits the federal courts to deciding "cases" and "controversies." To ensure that any matter presented to a federal court meets that requirement, the court considers the doctrines of standing, ripeness and mootness. To establish standing, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984). The injury must be

"an invasion of a legally protected interest which is (a) concrete and particularized and (b) 'actual or imminent,' " not conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)(citations omitted).

The Second Chance Act amended 18 U.S.C. § 3624(c) to "authorize the BOP to consider placing an inmate in an RRC [residential re-entry centers] for up to the final 12 months of his or her sentence, rather than the final six months that were available pre-amendment." *See Demis v. Sniezek,* 558 F. 3d 508, 513-14 (6th Cir. 2009). In accordance with the provisions of the Second Chance Act, the BOP on April 14, 2008 issued an interim policy memorandum stating that the "'categorical timeframe limitations on prerelease community confinement' found in 28 C.F.R. §§ 570.20 and 570.21 ... 'are no longer applicable and must no longer be followed.'" *Id.* On October 21, 2008, the BOP issued an interim rule "revis[ing] current regulations on pre-release community confinement in [28 C.F.R. § 570(b)] to conform with the requirement of the Second Chance Act." *Id.* (citing 73 Fed.Reg. 62440, 62441 (October 21, 2008). This interim rule further specifies that the decision to place an inmate in pre-release community confinement should be "determined on an individual basis" and according to the factors listed in 18 U.S.C. § 3621(b). *Id.*

The passage of the Second Chance Act, when considered together with the BOP's implementation of the Act as reflected in its policy memorandum and interim rule, renders petitioner's challenge to the validity of §§ 570.20 and 570.21

3

moot. *Demis,* 558 F. 3d at 514.

The petition for writ of habeas corpus is also subject to dismissal on exhaustion grounds. It is well-established that a petitioner must exhaust administrative remedies before seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981); *see also Graham v. Snyder*, 68 Fed. Appx. 589, 590-91 (6th Cir. 2003). The burden is on the petitioner to prove exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner has not met his burden of showing exhaustion of administrative remedies. Petitioner has not demonstrated that he has exhausted his habeas claims by filing an appropriate complaint with the BOP and by pursuing his appellate rights within the BOP before proceeding in federal court. *See, e.g., Bailey v. Hemingway*, No.2001 WL 1525269, *2 (E.D.Mich. August 9, 2001)(listing available remedies).

Petitioner has also not shown that exhaustion would be futile. Exhaustion requires that petitioner fairly present his claims to the BOP, but does not require that the BOP rule on the merits of those claims. *See Fuller v. Rich*, 11 F. 3d 61, 62 (5th Cir. 1994). Petitioner must attempt to fully exhaust his administrative remedies before seeking federal habeas relief. *See Six v. United States Parole Comm'n.*, 502 F.Supp. 446, 448 (E.D.Mich.1980); *See Taylor v. United States,* 62 F. 3d 1418 (Table),1995 WL 460512, * 3 (6th Cir. August 2, 1995); *See also Holmes v. Eichenlaub,* No. 2007 WL 3408532, * 2 (E.D. Mich. November 13,

4

2007)(Cohn, J.); *Ortiz v. Eichenlaub,* No. 2007 WL 2572014, * 2 (E.D. Mich. September 5, 2007)(Taylor, J.); *Travis v. Eichenlaub,* 2007 WL 2481041, * 1 (E.D. Mich. August 29, 2007)(Borman, J.); *Marhsek v. Eichenlaub,* 2006 WL 2485855, * 1 (E.D. Mich. August 28, 2006)(Roberts, J.); *Kielkopf v. Bureau of Prisons,* 2006 WL 2255432, * 2 (E.D. Mich. August 4, 2006)(Tarnow, J.); *Rodriguez v. Federal Bureau of Prisons,* 2006 WL 1897296, *1 (E.D.Mich. July 11, 2006)(Gadola, J.)(all rejecting petitioner's argument that it would be futile for him to attempt to exhaust his administrative remedies with the BOP regarding his eligibility for CCC placement prior to seeking habeas relief).

### III. Conclusion

IT IS ORDERED that the petition for a writ of habeas corpus is DISMISSED.

Because a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed under § 2241, *Witham v. United States*, 355 F. 3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or the Sixth Circuit before seeking to appeal this decision.

Dated: June 1, 2010

                                                  s/George Caram Steeh
                                                  GEORGE CARAM STEEH
                                                  UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 1, 2010, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk